UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61666-CIV-DAMIAN

SERGIO ALBERTO GOMEZ HERNANDEZ,

      Petitioner,

v.

WARDEN, Broward Transitional
Center, *et al*.,

      Respondents.

_____/

## ORDER DENYING PETITION AS MOOT

**THIS CAUSE** is before the Court on the parties' Joint Status Report ("Report") [ECF No. 10], filed on July 27, 2026.

THE COURT has reviewed the Report, Petitioner's underlying Petition [ECF No. 1], the Response and Reply thereto [ECF Nos. 5, 6], the Immigration Judge's Bond Order [ECF No. 10-1], the pertinent parts of the record, and the applicable law and is otherwise fully advised.

On June 10, 2026, Petitioner, Sergio Alberto Gomez Hernandez ("Petitioner"), filed a Petition seeking release under reasonable conditions of supervision or, in the alternative, an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). *See* Pet. at 13-14. Respondents have detained Petitioner as allegedly removable for overstaying his visa. They agree that Petitioner should receive a bond hearing under the governing statute. *See* Resp. at 4 ("Because Petitioner would be afforded [a] custody redetermination hearing if he sought one, the Petition should be dismissed for failing to exhaust administrative remedies.").

Following Court-directed conferral efforts, Respondents secured a bond hearing for Petitioner on July 16, 2026. [ECF No. 10-1]. The Immigration Judge ("IJ") denied bond citing "[f]light risk." *Id.* at 3. In the Report, Petitioner asserts that the bond hearing was constitutionally inadequate and that a transcript of the recorded bond hearing will show that the IJ failed to provide an individualized assessment. *See* Rpt. at 1. Petitioner does not attach any such transcript to the Report.

Petitioner filed a Petition seeking release or, in the alternative, a bond hearing. *See* Pet. at 13-14. Petitioner received the bond hearing he sought, but he disagrees with the specifics of how the IJ made the assessment of flight risk. If the IJ failed to give a constitutionally adequate bond hearing, that may be an issue capable of *habeas* review, but that argument is not properly before this Court; nor are the exhibits that this Court needs to review in order to assess the merits of Petitioner's assertion. Based on the record currently before this Court, the Petitioner's claim that he is being detained without being provided a bond hearing as required under Section 1226 has been rendered moot. Accordingly, it is

**ORDERED AND ADJUDGED** that the Petition **[ECF No. 1]** is **DENIED AS MOOT**. If Petitioner files a renewed Petition raising the issue of the bond hearing's constitutional adequacy, he shall identify this case as a related case on the Civil Cover Sheet. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 3rd day of August, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**